IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:98-826-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Steven Lavour Twitty, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255 based on the recent Supreme Court decision in *Johnson v. United States*, 576 U.S. \_\_, 135 S. Ct. 2551 (2015). The Government filed a motion to dismiss. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the dismissal procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

**I. BACKGROUND**

On August 18, 1998, a federal grand jury indicted Defendant on two counts of possession with intent to distribute and distribution of narcotics. On October 7, 1998, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that he was exposed to enhanced penalties based upon a prior felony drug conviction. Defendant entered into a plea agreement with the Government in which he agreed to plead guilty to Count 2, and the Government agreed to move to dismiss Count 1 and to withdraw the Information.

Defendant later moved to withdraw his guilty plea, as he objected to the quantity of cocaine base – more than 1.5 kilograms – for which the Presentence Investigation Report (PSR) held him responsible, even though he had previously admitted to selling two or three kilograms of crack and

1

about 26 kilograms of cocaine. At sentencing, the court[1] denied Defendant's motion and overruled his objections to the PSR. Defendant's guideline range, based upon the amount of drugs involved in the offense and Defendant's criminal history, was 360 months to life imprisonment. The court sentenced Defendant to 500 months' imprisonment, and Defendant appealed.

On appeal, Defendant argued that the threshold drug amounts set forth in 21 U.S.C. § 841(b) are elements of the offense which must be alleged in the indictment and proved beyond a reasonable doubt or admitted by Defendant. The Fourth Circuit affirmed Defendant's conviction and sentence; Defendant thereafter filed a petition for a writ of certiorari. The Supreme Court granted certiorari and remanded Defendant's case for reconsideration in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On remand, the Fourth Circuit concluded Defendant's sentence "violate[d] *Apprendi* because the indictment charged an unspecified quantity of drugs and, under 21 U.S.C. § 841(b)(1)(C), [Defendant] was subject to a maximum sentence of twenty years." *United States v. Twitty*, 74 F. App'x 288 (4th Cir. 2003). On remand, the court sentenced Defendant to 240 months' imprisonment. Defendant again appealed his sentence.

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the court erred in refusing to consider Defendant's objections from his first sentencing, even though they were not raised in the first appeal. *United States v. Twitty*, 172 F. App'x 480 (4th Cir. 2006). Noting the mandate rule that issues decided by the district court but forgone on appeal generally cannot be reopened, the Fourth Circuit found that the court was correct in strictly limiting its decision on remand to resentencing on the *Apprendi* issue. *Id.* at 482.

---

[1] This case was originally assigned to the Honorable Dennis W. Shedd, now a United States Circuit Judge.

While Defendant's appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), holding the mandatory sentencing guidelines violated the Sixth Amendment. Defendant and the Government filed supplemental appellate briefs addressing the application of the *Booker* holding to Defendant's case. Finding that the court did not err in imposing sentence, the Fourth Circuit affirmed Defendant's sentence.

Defendant thereafter filed a motion pursuant to 28 U.S.C. §2255. He asked the court to hold the motion in abeyance pending his challenge to a prior drug distribution conviction used to enhance his sentence. The court denied Defendant's motion to hold the case in abeyance, noting that if he was successful in attacking his prior state conviction, Defendant could apply to reopen his sentence. The court held that since Defendant alleged no other grounds for relief, the motion for relief under § 2255 would be dismissed, but that any '"properly-filed, timely motion which includes any other grounds for relief which Defendant might have shall not, for purposes of § 2244, be considered a second or successive petition by this court."

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the "residual clause" set forth in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. *See id.* at 2557, 2563. On July 1, 2015, Defendant filed a motion for relief under 28 U.S.C. § 2255, contending that *Johnson* applies to his case.[2] Defendant's motion was received by the court on July 16, 2015.

**II. DISCUSSION**

---

[2]Because Defendant is incarcerated, he benefits from the "mailbox rule" established in *Houston v. Lack*, 487 U.S. 266 (1988).

As noted by the Government, Defendant's sentence was determined by application of the statutory maximum applicable to Defendant's offense of conviction (240 months' imprisonment), which was below the guideline range which applied (360 months to life imprisonment) based upon Defendant being found a career offender. Therefore, the statutory maximum became the guideline range, and Defendant's career offender status had no effect on the sentence Defendant received. *See* U.S.S.G. § 5G1.1(a). Additionally, even if Defendant had not been found to be a career offender, Defendant's applicable offense level and criminal history (40/IV) would have produced a guideline range of 360 months to life imprisonment. Accordingly, the statutory maximum would have become the guideline range. *See* U.S.S.G. § 5G1.1(a).

### III. CONCLUSION

The Government's motion to dismiss is **granted** and Defendant's motion for relief is dismissed with prejudice.

#### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 14, 2015