IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:98-826-CMC |
| v. | **OPINION and ORDER** |
| Steven Lavour Twitty, | |
| Defendant. | |

This matter is before the court on remand from the Fourth Circuit, which vacated the Order dismissing Defendant's motion pursuant to 28 U.S.C. § 2255 after panel rehearing. *See United States v. Twitty*, No. 15-7744 (4th Cir. May 7, 2018). Defendant originally filed his *pro se* motion based on the recent Supreme Court decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), arguing *Johnson* should apply to his sentence as a career offender, imposed under the mandatory Sentencing Guidelines. ECF No. 90. The Government filed a motion to dismiss and a response in opposition. ECF Nos. 94, 95. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the dismissal procedure and the consequences if he failed to respond. Defendant filed a reply. ECF No. 99. The court then granted the Government's motion to dismiss, finding Defendant's career offender status had no effect on his sentence because he was sentenced to the statutory maximum. ECF No. 100 at 4. Absent the statutory maximum, his guideline range based on the applicable offense level, with offense specific enhancements, and criminal history would have been far higher. *Id.*

Defendant appealed, and the Fourth Circuit issued a certificate of appealability. *United States v. Twitty*, No. 15-7744, at ECF No. 7. After briefing, the court placed the case in abeyance pending a decision in *Beckles v. United States*, 580 U.S. __, 137 S.Ct. 886 (2017). On March 31,

2017, the Fourth Circuit entered an Order affirming as Defendant's claim was "barred by *Beckles*." No. 15-7744, at ECF No. 15. Defendant filed a motion for rehearing or rehearing *en banc*, and the case was again placed in abeyance, awaiting the Fourth Circuit's decision in *United States v. Brown*, No. 16-7056, a pending case regarding a career offender sentenced under the mandatory guideline scheme. No. 15-7744, ECF Nos. 17, 21. On May 7, 2018, after *Brown* was decided, the Fourth Circuit entered an opinion granting Defendant's motion for rehearing and vacating and remanding this court's dismissal of Defendant's § 2255 motion. *United States v. Twitty*, 721 F. App'x 300 (4th Cir. May 7, 2018). The Fourth Circuit reasoned this court "did not consider the impact of the fact that Twitty's drug amount and firearm enhancements were applied pursuant to the mandatory Guidelines procedures" and remanded for such consideration. *Id.* at 301.

## I. Background

On August 18, 1998, a federal grand jury indicted Defendant on two counts of possession with intent to distribute and distribution of narcotics. ECF No. 1. On October 7, 1998, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that he was exposed to enhanced penalties based upon a prior felony drug conviction. ECF No. 14. Defendant entered into a plea agreement with the Government in which he agreed to plead guilty to Count 2, and the Government agreed to move to dismiss Count 1 and to withdraw the Information. ECF No. 15.

Defendant later moved to withdraw his guilty plea, as he objected to the quantity of cocaine base – more than 1.5 kilograms – for which the Presentence Investigation Report (PSR) held him responsible, even though he had previously admitted to selling two or three kilograms of crack and

2

about 26 kilograms of cocaine. ECF No. 21. At sentencing, the court[1] denied Defendant's motion and overruled his objections to the PSR. Defendant's guideline range, based upon the amount of drugs involved in the offense and Defendant's criminal history, was 360 months to life imprisonment. The court sentenced Defendant to 500 months' imprisonment, and Defendant appealed. ECF No. 32.

On appeal, Defendant argued that the threshold drug amounts set forth in 21 U.S.C. § 841(b) are elements of the offense that must be alleged in the indictment and proved beyond a reasonable doubt or admitted by Defendant. The Fourth Circuit affirmed Defendant's conviction and sentence (ECF No. 41); Defendant thereafter filed a petition for a *writ of certiorari*. The Supreme Court granted *certiorari* and remanded Defendant's case for reconsideration in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). ECF No. 43. On remand, the Fourth Circuit concluded Defendant's sentence "violate[d] *Apprendi* because the indictment charged an unspecified quantity of drugs and, under 21 U.S.C. § 841(b)(1)(C), [Defendant] was subject to a maximum sentence of twenty years." *United States v. Twitty*, 74 F. App'x 288 (4th Cir. 2003). On remand, the court sentenced Defendant to 240 months' imprisonment. ECF No. 48. Defendant again appealed his sentence. ECF No. 51.

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the court erred in refusing to consider Defendant's objections

---

[1] The case was originally assigned to the Honorable Dennis W. Shedd, now a Senior United States Circuit Judge.

3

from his first sentencing, even though they were not raised in the first appeal. *United States v. Twitty*, 172 F. App'x 480 (4th Cir. 2006). Noting the mandate rule that issues decided by the district court but forgone on appeal generally cannot be reopened, the Fourth Circuit found that the court was correct in strictly limiting its decision on remand to resentencing on the *Apprendi* issue. *Id.* at 482.

While Defendant's appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), holding the mandatory sentencing guidelines violated the Sixth Amendment. Defendant and the Government filed supplemental appellate briefs addressing the application of the *Booker* holding to Defendant's case. Finding that the court did not err in imposing sentence, the Fourth Circuit affirmed Defendant's sentence. 172 F. App'x at 483-84.

Defendant thereafter filed a motion pursuant to 28 U.S.C. §2255. ECF No. 60. He asked the court to hold the motion in abeyance pending his challenge to a prior drug distribution conviction used to enhance his sentence. The court denied Defendant's motion to hold the case in abeyance, noting that if he was successful in attacking his prior state conviction, Defendant could apply to reopen his sentence. ECF No. 63. The court held that since Defendant alleged no other grounds for relief, the motion for relief under § 2255 would be dismissed, but that any '"properly-filed, timely motion which includes any other grounds for relief which Defendant might have shall not, for purposes of § 2244, be considered a second or successive petition by this court." *Id.*

4

On July 1, 2015, Defendant filed the instant motion for relief under 28 U.S.C. § 2255. ECF No. 90. Defendant's motion was received by the court on July 16, 2015[2].

## II. Impact of Recent Supreme Court Decisions

On June 26, 2015, the Supreme Court held the residual clause of Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257, holding the newly established right recognized in *Johnson* retroactive to cases on collateral review.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, 137 S.Ct. at 890. Therefore, the residual clause in §4B1.2(a)(2) of the former sentencing Guidelines[3] is not void for vagueness. *Id.* at 892.

---

[2] Because Defendant is incarcerated, he benefits from the "mailbox rule" established in *Houston v. Lack*, 487 U.S. 266 (1988).

[3] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

5

## III. Discussion

Defendant argues his career offender status is impacted by *Johnson* and excepted from the holding in *Beckles* as he was sentenced under a mandatory guideline scheme. Defendant's Amended Judgment was entered on December 3, 2003, before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory. As Defendant was sentenced under the mandatory Guidelines[4], he argues *Johnson* should apply because the mandatory Guidelines "did not afford defendants the basic legal protections afforded and required by due process of law." No. 15-7744, at ECF No. 19. He also argues his New Jersey aggravated assault conviction is not a crime of violence under the mandatory Guidelines, and therefore he should be granted relief and resentenced without the career offender designation.

*Beckles* applies to advisory guideline sentences only, specifically leaving open the question whether the residual clause in the mandatory Guidelines would be void for vagueness. *Beckles*, 137 S.Ct. at 894 ("The advisory Guidelines do not implicate the twin concerns underlying vagueness doctrine – providing notice and preventing arbitrary enforcement."); *id.* at 903 (Kennedy, concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220 (2005) – that is, during

---

[4] The court notes the Fourth Circuit decided Defendant's appeal of his resentencing on February 28, 2006, after *Booker* was decided, specifically considered the impact of *Booker* on Defendant's sentence, and affirmed. *See* 172 F. App'x at 483-84.

6

the period in which the Guidelines did 'fix the permissible range of sentences,' *ante*, at 892 – may mount vagueness attacks on their sentences.").

However, the Fourth Circuit has decided a § 2255 motion seeking to attack a defendant's career offender sentence imposed under the mandatory Guidelines does not fall under the statute of limitations[5] in § 2255(f)(3) because the Supreme Court has not recognized a new right entitling him to relief. *United States v. Thilo Brown*, 868 F.3d 297 (4th Cir. 2017) (rehearing and rehearing *en banc* denied Feb. 26, 2018).[6] Therefore, defendants like *Brown*, who filed § 2255 motions

---

[5] A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

[6] There is a circuit split regarding this issue. The Fourth and Sixth Circuits have concluded § 2255 (f)(3) does not apply to cases regarding career offenders sentenced under the mandatory Guidelines, and therefore such motions are untimely. *Brown*, 868 F.3d at 303-04; *Raybon v. United States*, 867 F.3d 625, 629-31 (6th Cir. 2017). The First and Seventh Circuits have decided such claims are timely under § (f)(3) under the reasoning in *Johnson*. *Cross v. United States*, 892 F.3d 288, 293-94 (7th Cir. 2018) (holding the defendants entitled to be resentenced as "the guidelines residual clause is unconstitutionally vague insofar as it determined mandatory sentencing ranges for pre-*Booker* defendants."); *Moore v. United States*, 871 F.3d 72, 80-84 (1st Cir. 2017) (granting § 2244 motion allowing a second or successive § 2255 motion to challenge

7

within a year of the *Johnson* decision, are untimely in this Circuit unless they can qualify under one of the other limitations periods. *Id.* at 303-04.

Defendant's conviction became final more than one year ago[7], and neither § 2255(f)(2) or (4) apply to this case. Pursuant to *Brown*, neither does § (f)(3) apply in Defendant's case: the Supreme Court has not recognized a new right that would entitle him to relief, and the *Johnson* decision has not been held to encompass Defendant's claim. *Id.* Therefore, because Defendant is unable to avail himself of the limitations period in § (f)(3), his motion appears untimely.

However, the Fourth Circuit in Defendant's latest appeal noted this court "did not consider the impact of the fact that Twitty's drug amount and firearm enhancements were applied pursuant to the mandatory Guidelines procedures." 721 F. App'x at 301. This court's order dismissing Defendant's Johnson motion was vacated and remanded "for reconsideration of Twitty's motion in light of the changing legal landscape regarding numerous legal issues in this case." *Id.*

First, this court notes the Fourth Circuit previously considered the application of *Booker's* holding to Defendant's case and, finding the district court did not err in imposing a 240 month sentence, affirmed. 172 F. App'x at 483-84. Second, consideration on remand of the "impact of

---

the defendant's career offender designation imposed under the mandatory Guidelines). The Supreme Court recently denied certiorari in several cases, rejecting (for now) challenges to mandatory applications of the career offender Guideline. *See Allen v. United States*, No. 17-5684; *Gates v. United States*, No. 17-6262; *James v. United States*, No. 17-6769; *Robinson v. United States*, No. 17-6877.

[7] Defendant's conviction became final in 2006, when the Fourth Circuit affirmed the resentencing. ECF No. 56.

8

the fact that Twitty's drug amount and firearm enhancements were applied pursuant to the mandatory Guidelines procedures" could only result in relief if this court were to find that a variance below a Guideline range of 240 months is appropriate based on 18 U.S.C. § 3553(a). Although Defendant seeks resentencing without the career offender enhancement, it appears *Brown* precludes such relief at this time. Defendant has not sought resentencing based on misapplication of *Booker*, as that matter was resolved against him in 2006 by the Fourth Circuit. Moreover, it does not appear such a claim is timely in the pending motion under § 2255.

Due to this court's uncertainty as to its authority, the parties are directed to brief any issues pertinent to the remand. The court hereby appoints the Federal Public Defender to represent Defendant and directs post-remand briefs be filed by August 30, 2018. Should Defendant prefer to proceed *pro se*, he shall advise the court in writing immediately.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 19, 2018