IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:98-826-CMC |
| v. | **OPINION and ORDER** |
| Steven Lavour Twitty, | |
| Defendant. | |

This matter is before the court on remand from the Fourth Circuit, which vacated the Order dismissing Defendant's motion pursuant to 28 U.S.C. § 2255 after panel rehearing. *See United States v. Twitty*, No. 15-7744 (4th Cir. May 7, 2018). Defendant originally filed his *pro se* motion based on the recent Supreme Court decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), arguing *Johnson* should apply to his sentence as a career offender, imposed under the mandatory Sentencing Guidelines. ECF No. 90. The Government filed a motion to dismiss and a response in opposition. ECF Nos. 94, 95. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the dismissal procedure and the consequences if he failed to respond. Defendant filed a reply. ECF No. 99. The court then granted the Government's motion to dismiss, finding Defendant's career offender status had no effect on his sentence because he was sentenced to the statutory maximum. ECF No. 100 at 4. Absent the statutory maximum, his guideline range based on the applicable offense level, with offense specific enhancements, and criminal history would have been far higher. *Id.*

Defendant appealed, and the Fourth Circuit issued a certificate of appealability. *United States v. Twitty*, No. 15-7744, at ECF No. 7. After briefing, the court placed the case in abeyance pending a decision in *Beckles v. United States*, 580 U.S. __, 137 S.Ct. 886 (2017). On March 31,

2017, the Fourth Circuit entered an Order affirming as Defendant's claim was "barred by *Beckles*." No. 15-7744, at ECF No. 15. Defendant filed a motion for rehearing or rehearing *en banc*, and the case was again placed in abeyance, awaiting the Fourth Circuit's decision in *United States v. Brown*, No. 16-7056, a then-pending case regarding a career offender sentenced under the mandatory Guideline scheme. No. 15-7744, ECF Nos. 17, 21. On May 7, 2018, after *Brown* was decided, the Fourth Circuit entered an opinion granting Defendant's motion for rehearing and vacating and remanding this court's dismissal of Defendant's § 2255 motion. *United States v. Twitty*, 721 F. App'x 300 (4th Cir. May 7, 2018). The Fourth Circuit reasoned this court "did not consider the impact of the fact that Twitty's drug amount and firearm enhancements were applied pursuant to the mandatory Guidelines procedures" and remanded for such consideration. *Id.* at 301.

In light of the Fourth Circuit's opinion, this court appointed the Federal Public Defender to represent Defendant and requested further briefing from the parties. ECF No. 113. On August 24, 2018, the Government filed a response, arguing Defendant's petition is untimely under *United States v. Thilo Brown*, 868 F.3d 297 (4th Cir. 2017) and *Brown* precludes this court from granting relief.[1] ECF No. 115.

Defendant, through counsel, filed a supplemental memorandum in support of his § 2255 motion, no longer challenging his career offender designation but instead requesting the court

---

[1] The Fourth Circuit in *Brown* held a challenge to a defendant's career offender designation imposed under the mandatory Guideline scheme untimely because the Supreme Court has not "recognized the specific right on which Brown seeks to rely." *Brown*, 868 F.3d at 299.

2

resentence him because his guidelines were incorrectly calculated. ECF No. 116. Defendant argues his mandatory guideline range at sentencing included the "judge-found drug weight and firearm enhancements," which were improper under *United States v. Booker*, 543 U.S. 220 (2005) and its progeny. *Id.* at 4. Defendant objected to consideration of these facts at sentencing, and was denied a reduction for acceptance of responsibility as a result. *Id.* at 5. Therefore, Defendant argues, if those facts had not been considered, he would not have had a basis to object and would have received a three-level reduction for acceptance of responsibility. *Id.* With that three level reduction, his career offender Guideline calculation would have been different, resulting in a guideline range of 151-188 months. *Id.* Defendant contends his sentence, under an incorrectly calculated guideline range, constitutes plain error under *Molina-Martinez v. United States*, 578 U.S. __, 136 S.Ct. 1338 (2016) and *Rosales-Mireles v. United States*, 585 U.S. __, 138 S.Ct. 1897 (2018).

In light of Defendant's new argument, the Government was directed to file a response. ECF No. 117. On September 7, 2018, the Government filed a response, arguing Defendant's request is untimely under § 2255(f) and neither *Molina-Martinez* nor *Rosales-Mireles* were held to be retroactive to cases on collateral review. ECF No. 118. This matter is now ripe for review.

### I. **Background**

On August 18, 1998, a federal grand jury indicted Defendant on two counts of possession with intent to distribute and distribution of narcotics. ECF No. 1. On October 7, 1998, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that he was exposed to enhanced penalties based on a prior felony drug conviction. ECF No. 14. Defendant

3

entered into a plea agreement with the Government in which he agreed to plead guilty to Count 2, and the Government agreed to move to dismiss Count 1 and to withdraw the Information. ECF No. 15.

Defendant later moved to withdraw his guilty plea, as he objected to the quantity of cocaine base – more than 1.5 kilograms – for which the Presentence Investigation Report (PSR) held him responsible, even though he had previously admitted to selling two or three kilograms of crack and about 26 kilograms of cocaine. ECF No. 21. At sentencing, the court[2] denied Defendant's motion and overruled his objections to the PSR. Defendant's guideline range, based upon the amount of drugs involved in the offense and Defendant's criminal history, was 360 months to life imprisonment. The court sentenced Defendant to 500 months' imprisonment, and Defendant appealed. ECF No. 32.

On appeal, Defendant argued that the threshold drug amounts set forth in 21 U.S.C. § 841(b) are elements of the offense that must be alleged in the indictment and proved beyond a reasonable doubt or admitted by Defendant. The Fourth Circuit affirmed Defendant's conviction and sentence (ECF No. 41); Defendant thereafter filed a petition for a *writ of certiorari*. The Supreme Court granted *certiorari* and remanded Defendant's case for reconsideration in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). ECF No. 43. On remand, the Fourth Circuit concluded Defendant's sentence "violate[d] *Apprendi* because the indictment charged an

---

[2] The case was originally assigned to the Honorable Dennis W. Shedd, now a Senior United States Circuit Judge.

unspecified quantity of drugs and, under 21 U.S.C. § 841(b)(1)(C), [Defendant] was subject to a maximum sentence of twenty years." *United States v. Twitty*, 74 F. App'x 288 (4th Cir. 2003). On remand, the court sentenced Defendant to 240 months' imprisonment, a mandatory Guidelines sentence. ECF No. 48. Defendant again appealed his sentence. ECF No. 51.

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the court erred in refusing to consider Defendant's objections from his first sentencing, even though they were not raised in the first appeal. *United States v. Twitty*, 172 F. App'x 480 (4th Cir. 2006). Noting the mandate rule that issues decided by the district court but forgone on appeal generally cannot be reopened, the Fourth Circuit found that the court was correct in strictly limiting its decision on remand to resentencing on the *Apprendi* issue. *Id.* at 482.

While Defendant's appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), holding the mandatory Sentencing Guidelines violated the Sixth Amendment. Defendant and the Government filed supplemental appellate briefs addressing the application of the *Booker* holding to Defendant's case. Defendant contended the district court's determination of drug quantity and use of a firearm violated the Sixth Amendment. Finding that the court did not err in imposing sentence, the Fourth Circuit affirmed Defendant's sentence. 172 F. App'x at 483-84 (holding the "district court's determination of drug quantity and use of a firearm did not violate the Sixth Amendment because those factors did not affect Twitty's sentence at all . . . based solely on the career offender enhancement, Twitty's 240-month sentence did not exceed the maximum authorized by the facts that were properly established and not found by the

district court, and therefore did not violate his Sixth Amendment rights." (internal citations omitted)).[3]

Defendant thereafter filed a motion pursuant to 28 U.S.C. §2255. ECF No. 60. He asked the court to hold the motion in abeyance pending his challenge to a prior drug distribution conviction used to enhance his sentence. The court denied Defendant's motion to hold the case in abeyance, noting that if he was successful in attacking his prior state conviction, Defendant could apply to reopen his sentence. ECF No. 63. The court held that since Defendant alleged no other grounds for relief, the motion for relief under § 2255 would be dismissed, but that any "properly-filed, timely motion which includes any other grounds for relief which Defendant might have shall not, for purposes of § 2244, be considered a second or successive petition by this court." *Id.*

On July 1, 2015, Defendant filed the instant motion for relief under 28 U.S.C. § 2255. ECF No. 90. Defendant's motion was received by the court on July 16, 2015[4].

## II. **Impact of Recent Supreme Court Decisions**

On June 26, 2015, the Supreme Court held the residual clause of Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary

---

[3] The Fourth Circuit also denied Defendant's request to be resentenced to allow the district court to consider the sentencing factors of 18 U.S.C. § 3553(a) under the advisory Guidelines, because Defendant could not show actual prejudice, or that the treatment of the Guidelines as mandatory "affected the district court's selection of the sentence imposed." *Id.*

[4] Because Defendant is incarcerated, he benefits from the "mailbox rule" established in *Houston v. Lack*, 487 U.S. 266 (1988).

6

enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257, holding the newly established right recognized in *Johnson* retroactive to cases on collateral review.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, 137 S.Ct. at 890. Therefore, the residual clause in §4B1.2(a)(2) of the former sentencing Guidelines[5] is not void for vagueness. *Id.* at 892.

### III. Discussion

Defendant's initial motion argued his career offender status is impacted by *Johnson* and excepted from the holding in *Beckles* as he was sentenced under a mandatory Guideline scheme. ECF No. 90. Defendant's Amended Judgment was entered on December 3, 2003, before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory. As Defendant was sentenced under the mandatory Guidelines, he argued *Johnson* should apply because the mandatory Guidelines "did not afford defendants the basic legal protections afforded and required by due process of law." No. 15-7744, at ECF No. 19. He also

---

[5] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

7

argued his New Jersey aggravated assault conviction is not a crime of violence under the mandatory Guidelines, and therefore he should be granted relief and resentenced without the career offender designation.

*Beckles* applies to advisory Guideline sentences only, specifically leaving open the question whether the residual clause in the mandatory Guidelines would be void for vagueness. *Beckles*, 137 S.Ct. at 894 ("The advisory Guidelines do not implicate the twin concerns underlying the vagueness doctrine – providing notice and preventing arbitrary enforcement."); *id.* at 903 (Kennedy, concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220 (2005) – that is, during the period in which the Guidelines did 'fix the permissible range of sentences,' *ante*, at 892 – may mount vagueness attacks on their sentences.").

Subsequently, the Fourth Circuit decided a § 2255 motion seeking to attack a defendant's career offender sentence imposed under the mandatory Guidelines does not fall under the statute of limitations[6] in § 2255(f)(3) because the Supreme Court has not recognized a new right entitling

---

[6] A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

8

him to relief. *United States v. Thilo Brown*, 868 F.3d 297 (4th Cir. 2017) (rehearing and rehearing *en banc* denied Feb. 26, 2018).[7] Therefore, defendants like Brown, who filed § 2255 motions within a year of the *Johnson* decision, are untimely in this Circuit unless they can qualify under one of the other limitations periods. *Id.* at 303-04. In light of *Brown*, Defendant "no longer challenges his designation as a Career Offender." ECF No. 116 at 1.

Defendant has now advanced a new argument based on the Fourth Circuit's remand to "consider the impact of the fact that Twitty's drug amount and firearm enhancements were applied pursuant to the mandatory Guidelines procedures . . . in light of the changing legal landscape

---

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

[7] There is a circuit split regarding this issue. The Fourth, Sixth, and Tenth Circuits have concluded § 2255 (f)(3) does not yet apply to cases regarding career offenders sentenced under the mandatory Guidelines, and therefore such motions are untimely. *Brown*, 868 F.3d at 303-04; *Raybon v. United States*, 867 F.3d 625, 629-31 (6th Cir. 2017); *United States v. Greer*, 881 F.3d 1241, 1248-49 (10th Cir. 2018). The Seventh Circuit has decided such claims are timely under § (f)(3) under the reasoning in *Johnson*. *Cross v. United States*, 892 F.3d 288, 293-94 (7th Cir. 2018) (holding defendants entitled to be resentenced as "the guidelines residual clause is unconstitutionally vague insofar as it determined mandatory sentencing ranges for pre-*Booker* defendants."). The Supreme Court recently denied certiorari in several cases, rejecting (for now) challenges to mandatory applications of the career offender Guideline. *See Allen v. United States*, No. 17-5684; *Gates v. United States*, No. 17-6262; *James v. United States*, No. 17-6769; *Robinson v. United States*, No. 17-6877.

9

regarding numerous legal issues in this case." ECF No. 116 (citing 721 F. App'x at 301). He argues he should be sentenced within a new guideline range which takes acceptance of responsibility into account, as he would not have had the three point reduction removed had he not objected to the drug weight and firearm enhancement, which would not have been necessary if his guidelines had been correctly calculated to begin with.[8] *Id.*

The court is unaware of any error in the calculation of the guidelines by Judge Shedd or in the court's ruling on objections to the drug weight and firearm enhancement. Defendant relies on *Molina-Martinez* and *Rosales-Mireles* to argue, in essence, the Fourth Circuit erred in affirming Defendant's resentencing in 2006 because Defendant could not show actual prejudice, or that the treatment of the Guidelines as mandatory affected the district court's selection of the sentence imposed.[9] This court agrees that, if Defendant were on direct appeal or a timely § 2255 motion,

---

[8] The court notes this argument does not actually rely on the Fourth Circuit's reason for remand, which was to consider the fact that the drug weight and firearm enhancement were applied pursuant to the mandatory Guidelines.

[9] Defendant argues
> [t]he Fourth Circuit's treatment of the *Apprendi*/*Booker* issue (*id.* at 483) fell far short of what the Supreme Court has made clear is required in evaluating whether a guideline calculation error affected a defendant's substantial rights. *See Molina-Martinez*, 136 S. Ct. 1338, 1349 (2016); *Rosales-Mireles*, 138 S.Ct. 1897, 1908 (2018) (holding that a sentence imposed in light of an incorrectly calculated guideline ordinarily constitutes plain eror and affects a defendant's substantial rights). The Fourth Circuit's decision that Twitty's sentence did not violate the Sixth Amendment in 2006 does not present a 'law of the case' issue because 'controlling authority has since made a contrary decision of law applicable to the issue' and the 2006 decision 'was clearly erroneous and would work manifest injustice. *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999).

ECF No. 116 at 3 n.2.

10

and could show a miscalculation of the Guidelines, *Molina-Martinez* and *Rosales-Mireles* would not require a showing of prejudice.

However, as the Government argues, Defendant's request is untimely as neither *Molina-Martinez* nor *Rosales-Mireles* have been made retroactively available to cases on collateral review. ECF No. 118. Therefore, § 2255(f)(3) does not apply.

For the reasons set forth above, the Government's motion to dismiss is granted, and Defendant's § 2255 motion is dismissed.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In view of this court's determination that it is unable to grant relief on remand, and in light of the "changing legal landscape regarding numerous issues in this case," (721 F. App'x at 301) a certificate of appealability is **granted**.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 20, 2018